UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE LAMAR ZORN,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

_____/

Case No. 12-13822

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
MICHAEL J. HLUCHANIUK

## ORDER ADOPTING REPORT AND RECOMMENDATION [23], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [22], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR REMAND [18], AND OVERRULING PLAINTIFF'S OBJECTION [24]

On August 14, 2015, Magistrate Judge Hluchaniuk issued a Report and Recommendation ("R&R") [23] recommending that Defendant's Motion for Summary Judgment [22] be granted and that Plaintiff's Motion for Summary Judgment [18] be denied. Plaintiff filed an Objection [24] on August 28, 2015. For the reasons stated below, the R&R [23] is ADOPTED and is entered as the findings and conclusions of the Court. Defendant's Motion for Summary Judgment [22] is GRANTED. Plaintiff's Motion for Summary Judgment or remand [18] is DENIED. Plaintiff's Objection [24] is OVERRULED.

1

## STATEMENT OF FACTS

Plaintiff applied for disability benefits on March 5, 2009, alleging that he became disabled and unable to work beginning on December 1, 2004. According to the ALJ's findings, Plaintiff was forty-five years old at the time of the administrative hearing and testified that he gets headaches every couple of days, which are exacerbated by heat or the sun. *See* Tr. [8-2] at 43. Plaintiff also testified that he experiences pain in his right shoulder and right ankle from past injuries when rotating and reaching with his right arm or when walking or standing for long periods of time. *Id.* Additionally, Plaintiff testified that due to his lupus and high blood pressure, he cannot stay focused and is frequently exhausted and anxious. *Id*. Plaintiff testified that he could lift 20 to 30 pounds, sit for 2 hours, stand for 2 hours, and walk about half a mile. *Id*.

The Magistrate Judge summarized the ALJ's findings as follows:

Plaintiff has past relevant work as a barber, hi-low driver, and as a packer. (Tr. 44). The ALJ applied the five-step disability analysis to plaintiff's claims and found at step one that plaintiff had not engaged in any substantial gainful activity since December 1, 2004 (the alleged onset date). (Tr. 40). At step two, the ALJ found that plaintiff had the following severe impairments: lupus, chronic right ankle pain, headaches, and mild degenerative changes of right ankle (20 CFR § 404.1520(c) and § 416.920(c)). (*Id*.)

At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listings in the regulations. (*Id*.) The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform:

> light work as defined in 20 CFR 404.1567(b) and
> 416.967(b) except claimant is limited to occasional
> climbing stairs and ramps; occasional balancing and
> stooping; no work involving concentrated exposure to
> heat or temperature extremes; no exposure to sun; and
> frequent, but not constant, pushing/pulling, reaching,
> fingering, and handling with the right upper extremity.

> (Tr. 41).  At step four, the ALJ determined that plaintiff was capable of
> performing  his past relevant work as a barber, hi-low driver, and as a
> packer. (Tr. 44).  The  ALJ concluded that this work "does not require the
> performance of work-related  activities precluded by the claimant's residual
> functional capacity." (*Id.*)  As such,  the ALJ concluded that plaintiff had
> not been under a disability from December 1, 2004, through the date of his
> decision.  (Tr. 45).

From this determination, the Vocational Expert (VE) testified that a person with

Plaintiff's age, education, past work experience who has the above restrictions

could perform Plaintiff's past relevant work as either a barber, a hi-low driver, or

a packer with a sit/stand option. Tr. [8-2] at 44.

On November 24, 2010, the ALJ denied Plaintiff's application for disability

benefits, finding him not disabled within the meaning of the Social Security Act at

any time from December 1, 2004, through the date of the ALJ decision. The

Appeals Council denied Plaintiff's request for review on June 25, 2012. On August

29, 2012, Plaintiff filed the instant suit for judicial review on the ALJ's decision.

3

## STANDARD OF REVIEW

This Court reviews objections to an R&R on a dispositive motion *de novo*. *See* 28 U.S.C. § 636(b)(1)(c). Judicial review of a decision by an Administrative Law Judge ("ALJ") is limited to determining whether the factual findings are supported by substantial evidence and whether the ALJ employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The ALJ's factual findings "are conclusive if supported by substantial evidence." *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 243 (6th Cir. 1987). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial evidence standard "does not permit a selective reading of the record," as the reviewing court's assessment of the evidence supporting the ALJ's findings "must take into account whatever in the record fairly detracts from its weight." *Garner v. Heckler,* 745 F.2d 383, 388 (6th Cir. 1984).

## ANALYSIS

Plaintiff raises three objections to the R&R [23]. First, Plaintiff argues that the Magistrate Judge erred in finding that a severe impairment need not give rise to

4

any functional limitations. Second, Plaintiff argues that the Magistrate Judge improperly found that the ALJ was not obliged to procure a consultative neurological examination, where the consultative examiner that was engaged indicated the need for such an examination. Finally, Plaintiff argues that the Magistrate Judge placed an unreasonable burden on claimants to challenge a vocational expert's determinations as to particular jobs derived from the Dictionary of Job titles during the course of a hearing

## I.    Objection One: Severe impairment and functional capacity

Plaintiff objects to the R&R finding that a severe impairment need not give rise to any functional limitations. The Plaintiff argues that if an impairment is found to be severe, then it must affect a claimant's functional capacity and needs to be reflected in the residual functional capacity (RFC).

The RFC, as determined by the ALJ, describes the ability of an individual to do physical and mental work activities on a sustained basis despite limitations from his impairments. 20 C.F.R. §404.1545.  When an ALJ determines an individual's RFC, they must consider all of the claimant's physical and mental impairments, both those that are severe and those that are not severe, and take into account both objective medical evidence as well as subjective testimony regarding pain and limitations from the claimant. *Id*. This RFC is used in step four of the disability

analysis to determine whether the claimant can perform the requirements of their past relevant work.

The Court agrees with the Magistrate Judge that it is not necessary for every single severe impairment to be reflected in the RFC in every single claim. The RFC describes what a claimant can physically and mentally accomplish and is not a description of what impairments they suffer. *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). Thus, while the impairments will necessarily inform the ALJ's RFC conclusions, given the need to consider not only medical but also non-medical evidence including taking into consideration the subjective credibility of the severe limitations, an RFC may in some cases not reflect every single severe impairment if that impairment has no effect on a claimant's functional capacity. This possibility is contemplated by the regulations themselves, as they assert that "some medically determinable impairment(s), such as skin impairment(s)….which impose environmental restrictions, *may* cause limitations and restrictions which affect other work-related abilities." 20 C.F.R. § 404.1545(d) (emphasis added). By stating that some medical impairments only may cause limitations on an individual's RFC, the regulations clearly contemplate that there may be instances where impairments, even possibly severe ones, may not affect functional capacity.

6

This objection, while rejected, has no bearing on a decision to remand, since the Court agrees with the R&R that a review of the record demonstrates that the ALJ "accounted for all of plaintiff's medically discernible limitations in the RFC assessment." [23] at 20.  To illustrate, the RFC as formulated by the ALJ included an environmental limitation of "no work involving concentrated exposure to heat or temperature extremes; no exposure to sun." Tr. [8-2] at 41.   These environmental limitations match Plaintiff's description of the causation of his headaches in his testimony at the hearing, and illustrate how the condition of his migraines was included in the RFC.

## II.    Objection Two: Consultative medical exam

Plaintiff objects to the fact that the ALJ did not obtain a consultative neurological examination after Plaintiff was treated by consultative examiner Dr. Dang on May 19, 2009, and the doctor indicated that Plaintiff's headaches were "most probably migraines" and recommended that the "patient needs to be seen by a neurologist for evaluation." Tr. [8-7] at 258. Plaintiff argues that the ALJ was obliged to order a neurological evaluation per Dr. Dang-Vu's suggestion in order to adequately develop the record so that Plaintiff's headaches could be correctly evaluated in the disability determination. The Plaintiff's objection alleges that the ALJ abused his discretion by ignoring the headaches in the decision.

7

The Magistrate Judge pointed out that ALJ took the headaches into account in his analysis by noting that the CT scan that the Plaintiff underwent came back with a negative impression. [23] at 20. Given the normal objective neurological findings that existed on the clinical exams presented in the record, the Magistrate determined that the ALJ did not abuse his discretion by failing to order a consultative neurological examination.

The Court agrees with the Magistrate Judge that the ALJ did not err by failing to order a neurological examination and the lack of a consultative medical examination does not mandate a remand.  Plaintiff has not shown that the ordering of a consultative medical examination is required, and in fact the Sixth Circuit has made it clear that the "regulations do not require an ALJ to refer a claimant to a consultative specialist, but simply grant him the authority to do so if the existing medical sources do not contain sufficient evidence to make a determination." *See Griffith v. Comm'r of Soc. Sec.*, 582 F. App'x 555, 562 (6th Cir. 2014) (citing *Landsaw v. Sec'y of Health & Human Servs.,* 803 F.2d 211, 214 (6th Cir.1986)), *see also* 20 C.F.R. § 404.1517.

The ALJ clearly considered the plaintiff's history of headaches, as they were mentioned repeatedly in the ALJ's decision and both medical examination and personal testimony about headache pain was considered in the ALJ's decision.

8

Also, the record does not appear to be in conflict regarding Plaintiff's headaches. Plaintiff never had an abnormal CT scan and the consulting examiner did not identify any abnormalities beyond a possible migraine diagnosis that further testing would unveil. The Court agrees that there is nothing in the record that indicates that the ALJ abused his discretion by not ordering a consultative examination, and does not find that the ALJ made his determination without sufficient evidence.

### III.   Objection Three: Claimant's challenge of a vocation expert

A vocational expert (VE) is present in a SSA hearing to provide expert opinion testimony in response to the hypothetical question posed by the ALJ about whether a person with the physical and mental limitations imposed by the claimant's medical impairments can meet the demands of the claimants' previous work. 20 C.F.R. § 404.1560. In this case, the VE testified that the Plaintiff could perform his past relevant work as a barber, hi-lo driver, or packer with a sit/stand option given his physical limitations as determined by the ALJ and the Plaintiff's attorney declined an offer to cross-examine the VE regarding the past work that could be performed. Tr. [8-2] at 44-45, 77. Plaintiff objects to the Magistrate Judge's finding that it is Plaintiff's attorney's responsibility to cross-examine the VE or else waive any future argument regarding the VE's testimony. Plaintiff argues that this places an unreasonable burden on claimants and their attorneys

during hearings and as such does not present an adequate opportunity for meaningful cross-examination of the VE given that there is no advance notice about what job titles the VE will come up with at the hearing or what the relevant dictionary of job title codes are to examine the requirements of each job that the VE recommends.

The Magistrate Judge concluded that Plaintiff's counsel stipulated to the VE's qualifications and declined the ALJ's invitation to ask questions after the VE has testified regarding the suitability of the Plaintiff's past work. Tr. [8-2] 77-78. The R&R concludes that by declining to cross-examine the VE, the Plaintiff thus waived any future investigation into the VE's testimony since the ALJ has no responsibility to ensure that the VE's testimony is accurate beyond the SSR 00-4p requirement that the ALJ must ask the VE about any apparent conflicts between their testimony and the dictionary of occupational titles.

The Court agrees with the Magistrate Judge's analysis of the issue. The state of the law on this issue is clear. The Sixth Circuit has held that there is nothing in the Social Security regulations that requires an administrative law judge to conduct an investigation into the accuracy of the testimony of a vocational expert, "especially when the claimant fails to bring any conflict to the attention of the administrative law judge." *Ledford v. Astrue*, 311 F. App'x 746, 757 (6th Cir.

2008). According to SSR 00-4p, the only requirement concerning ALJs and the accuracy of vocational experts' testimony is that an ALJ is required to ensure that the VE is being consistent with the DOT. SSR 00-4P (S.S.A. Dec. 4, 2000). The ALJ fulfilled this requirement at the hearing, and if there was any question by the Plaintiff's attorney regarding the suitability of those jobs in comparison with the Plaintiff's RFC, it was the responsibility of the Plaintiff's attorney, not the ALJ, to question the VE on their assessment. Tr. [8-2] 76-79. By declining to question the VE on cross-examination, any objections were waived and there are no grounds for relief based on a either inaccuracies of the VE's testimony or a conflict between the VE's testimony and the DOT. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168-69 (6th Cir. 2009).

## CONCLUSION

The Court having reviewed the record in this case, the R&R [23] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court. Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment or Remand [18] is **DENIED**.

11

**IT IS ORDERED** that Plaintiff's Objection [24] is **OVERRULED**.

This case is **CLOSED**. **SO ORDERED**.


                                    s/Arthur J. Tarnow
                                    Arthur J. Tarnow
Dated: September 18, 2015           Senior United States District Judge